| | |
|---|---|
| **BOULDER COUNTY DISTRICT COURT, STATE OF COLORADO**<br><br>Court Address<br>1777 6th Street<br>Boulder, CO 80302 | DATE FILED: October 13, 2023 3:02 PM<br>FILING ID: D2D511E785F6B<br>CASE NUMBER: 2023CV30744 |
| Plaintiff(s):    **STEVEN PITTS,**<br><br>v.<br><br>Defendant (s): **AUTO-OWNERS INSURANCE COMPANY,** a foreign corporation. | ▲Court Use Only▲ |
| *Attorneys for Plaintiff:*<br><br>Jennifer Simpson, Esq. (#46542)<br>Rhett C. Buckley, Esq. (#46541)<br>**BUCKLEY SIMPSON LAW LLC**<br>575 Union Boulevard, Suite 104<br>Lakewood, Colorado 80228<br>Telephone: (720) 900-2003<br>Facsimile: (720) 368-5329 (Not Designated)<br>E-Mail: jennifer@buckleysimpsonlaw.com (Not Designated)<br>          rhett@buckleysimpsonlaw.com (Not Designated) | Case No.:<br><br>Div./Ctrm.: |
| **CIVIL COMPLAINT** | |

COMES NOW, Plaintiff Steven Pitts, through his attorneys, Buckley Simpson Law LLC, and brings this civil complaint against Defendant Auto-Owners Insurance Company. As grounds, Plaintiff states as follows:

### PARTIES, JURISDICTION AND VENUE

1. At all times relevant, Plaintiff Steven Pitts was and is a citizen of the State of Colorado residing at 10858 Salida St, Commerce City, Colorado 80022.

2. Upon information and belief, at all times relevant to this action, Defendant Auto-Owners Insurance Company (hereinafter "Auto-Owners") is a Michigan Based corporation authorized to do business in the State of Colorado, and its registered agent is C T Corporation Systems located at 7700 East Arapahoe Road, Suite 220, Centennial, CO 80112.

3. Plaintiff seeks damages arising from the breach of contract by Auto-Owners and a Determination and Payment of underinsured Benefits under C.R.S. § 10-4-609 against Defendant Auto-Owners.

# EXHIBIT A

4. The claims against Auto-Owners are claims for outstanding first-party insurance benefits pursuant to C.R.S. § 10-4-609 owed to Plaintiff for bodily injury, damages, and losses sustained as a result of motor vehicle collision negligently caused by an underinsured motorists on September 18, 2019

5. At all relevant times Plaintiff was an "insured" pursuant to the language of the subject insurance policy issued by Auto-Owners.

6. For the claims against Auto-Owners, Plaintiff is a first-party claimant pursuant to C.R.S. §§ 10-3-1115 & 10-4-609, and *Goodson v. Am. Standard Ins. Co of Wisconsin*, 89 P.3d 409, 414 n.4 (Colo.2004).

7. Venue is proper in Boulder County District Court, pursuant to C.R.C.P. 98(c)(1) because Defendant is an out-of-state resident and conducts business in Boulder County.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

9. Upon information and belief, on or about September 18, 2019 at 6:55am (hereinafter "the time of the collision"), Plaintiff was driving northbound on Sable Boulevard at 136th Avenue in Adams County.

10. At the time of the collision, Plaintiff was driving a 2014 Ford F-350.

11. At the time of the collision, Don Stibolt was travelling eastbound on 136th Avenue

12. At the time of the collision, Don Stibolt was driving a 1975 Dodge D200 Truck.

13. At the time of the collision, Don Stibolt failed to stop at the red light and collided with the driver's side of Plaintiff's vehicle resulting in severe property damage to both vehicles.

14. Following the collision, Officer A. Roybal of the Colorado State Patrol's Office arrived at the scene of the collision.

15. At the time of the collision, Don Stibolt was cited with failure to obey traffic control signal, violation code C.R.S. § 42-4-604.

16. At the time of the collision, Don Stibolt's conduct was negligent, careless, and/or reckless.

17. Plaintiff was wearing his seatbelt.

18. Plaintiff was not negligent in the above-referenced motor vehicle collision.

19. Don Stibolt's negligent driving was the sole cause of the collision.

# EXHIBIT A

20. Don Stibolt's negligent and careless driving at the time of the collision was the direct and proximate cause of Plaintiff's injuries.

21. At the time of the collision, the Plaintiff was insured through an insurance policy (hereinafter "the policy"), Policy Number 51-753-119-01, issued by Auto-Owners, and the policy provided underinsured motorist benefits.

22. At the time of collision, all premiums due on the policy had been paid.

23. At the time of the collision, Plaintiff was "insured" pursuant to the language of the policy issued by Auto-Owners.

24. At the time of the collision, Don Stibolt was insured by GEICO Insurance Company ("GEICO") with a policy providing coverage up to $250,000 per person / $500,000.00 per incident.

25. On or about September 23, 2019, GEICO, the insurance carrier for Don Stibolt, offer to settle Plaintiff's bodily Injury claim for the policy limits of $250,000.00.

26. On or about September 23, 2019, Plaintiff requested consent to settle with Mr. Stibolt from Auto-Owners.

27. Auto-Owners provided consent to settle to Plaintiff, permitting him to accept Mr. Stibolt's $250,000 liability insurance policy limits offer.

28. On or about, October 14, 2023, Plaintiff settled his Bodily Injury Claim with GEICO and signed a Mutual Release and Settlement Agreement.

29. Plaintiff has incurred damages in excess of $250,000.00 and is therefore entitled to underinsured motorist benefits under the policy with Auto-Owners.

30. As a direct and proximate result of the collision described above, Plaintiff suffered damages, harms, and losses.

31. As a direct and proximate result of the collision described above, Plaintiff incurred in the past, and will continue to incur into the future, medical and other health care and rehabilitation expenses related to his injuries, past and future loss of earnings, loss of earning capacity, and loss of time.

32. As a direct and proximate result of the first collision described above, Plaintiff incurred non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment to his quality of life.

33. As a direct and proximate result of the collision described above, Plaintiff suffers from lasting physical impairment.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

# EXHIBIT A

34. Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

35. Under the policy, the Auto-Owners must pay "all sums the insured is legally entitled to recover as compensatory damages from the owner or driver of an uninsured motor vehicle. The damages must result from bodily injury sustained by the insured caused by an accident."

36. Under the policy, "[t]he owner's or driver's liability must result from the ownership, maintenance or use of the uninsured motor vehicle."

37. At the time of the subject collision, the at-fault driver, Mr. Stibolt was an underinsured motorist pursuant to the policy, with liability insurance insufficient to compensate Plaintiff for the injuries, damages, and losses that he suffered and will suffer as a result of the collision.

38. With respect to the subject collision, Plaintiff was an "insured person" with Defendant Auto-Owners through the policy which was in full force and effect at the time of the subject collision and in part provided for underinsured motorist benefits pursuant to C.R.S. § 10-4-609(4) in the amount of $250,000 per person/$500,000 per incident.

39. The Auto-Owners policy remained current and in effect during all time periods relevant to the subject collision.

40. At all times relevant, Plaintiff has complied with all conditions precedent to coverage as an insured person under the policy issued by Defendant Auto-Owners.

41. Plaintiff is legally entitled to recover compensatory damages for his bodily injury from underinsured owner/operator Don Stibolt, including but not limited to past, present, and future economic and non-economic damages, in addition to permanent impairment and/or disfigurement.

42. Despite request by Plaintiff through his counsel, Defendant Auto-Owners has failed to pay reasonable, appropriate, or otherwise legally entitled underinsured motorist benefits to Plaintiff prior to the expiration of the applicable statute of limitations.

43. Defendant Auto-Owners has breached its contract of insurance, Policy Number 51-753-119-01, by denying the underinsured motorist benefits and/or refusing to pay benefits to which Plaintiff is entitled to under the contract as an insured person.

44. Plaintiff has performed all conditions precedent and has been damaged by Defendant Auto-Owners' breach of contract in an amount to be proven at trial.

45. As a direct consequence of Defendant Auto-Owners' breach of contractual duties to its insured, Plaintiff suffered injuries, damages, and losses for which Defendant is legally liable, including, but not limited to, additional litigation costs and emotional distress.

**SECOND CLAIM FOR RELIEF**
**(Determination and Payment of UM/UIM Benefits under C.R.S. § 10-4-609)**

46. Plaintiff incorporates the above and below paragraphs herein by reference.

# EXHIBIT A

47. At the time of the subject collision, Plaintiff was an insured person under the terms of the Policy.

48. Plaintiff is authorized by the terms of the Policy and Colorado law to obtain a determination in a court of law of the amount of UIM benefits owed by Defendant Auto-Owners under the contract of insurance, and to have such determination reduced to judgment.

49. Plaintiff seeks, through this claim, to have the trier of fact determine the amount of UIM benefits to which he is entitled as a result of the negligence of Don Stibolt, and to have such determination reduced to judgment in Plaintiff's favor and against Defendant.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment for him and against Defendant Auto-Owners Insurance Company in an amount to fairly and reasonably compensate Plaintiff for his injuries, damages, and losses as set forth above including, but not limited to, litigation costs, emotional distress, statutory interest pursuant to Colorado law, and for such other relief as this Court deems just and proper.

Respectfully submitted October 13, 2023.

*/s/ Jennifer Simpson*
Jennifer Simpson, Esq. (#46542)
Rhett C. Buckley, Esq. (#46541)
**BUCKLEY SIMPSON LAW LLC**
575 Union Boulevard, Suite 104
Lakewood, Colorado 80228
Telephone: (720) 900-2003
Facsimile: (720) 368-5329

Plaintiff's Address:
10858 Salida St
Commerce City, CO 80022

# EXHIBIT A