IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-02918-SKC-SBP

STEVEN PITTS,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

---

ORDER

---

Plaintiff, through counsel, initiated this case on October 13, 2023, in Boulder County District Court. Dkt. 3. Following its removal, this Court entered a Scheduling Order and the parties ostensibly commenced with discovery. Dkts. 1, 14. On May 23, 2024, the parties filed a Joint Motion to Amend Scheduling Order. Dkt. 22. In that motion, the parties confirmed they had been diligently engaged in discovery but required additional time. *Id.* Magistrate Judge Susan B. Prose, finding good cause, granted the extension. Dkt. 24.

On August 26, 2024, Defendant filed the present Motion to Dismiss for Lack of Prosecution. Dkt. 25. In the Motion, Defendant contends it has repeatedly and unsuccessfully attempted to obtain discovery from Plaintiff, including his deposition and Rule 35 examinations. *Id.* at p.3. For example, Defendant states Plaintiff failed to appear for a mutually agreed upon Rule 35 cognitive examination, which resulted

1

in an $1,800 "no-show" bill chargeable to Defendant. Dkt. 25 at 9; Dkts. 25-19, -20. Defendant has included with its Motion numerous emails between the parties' counsel demonstrating its diligent attempts to obtain discovery from Plaintiff. *See generally* Dkt. 25. Plaintiff, who is represented by counsel, did not respond to the Motion and has not filed anything with the Court since the joint motion for discovery extensions.

## DISCUSSION

The Federal Rules of Civil Procedure give the district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Rule 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Furthermore, Rule 16(f) provides that when a party or his attorney fails to appear at a pretrial conference or fails to comply with a pretrial order, the court may "issue any just order, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Fed. R. Civ. P. 16(f). In turn, Rule 37(b)(2)(A)(v) permits the court to sanction a party by "dismissing the action or proceeding in whole or in part." Where a district court dismisses a case without prejudice, as Defendant requests here, "it need not follow "any particular procedures."' *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 n.10 (10th Cir. 2007).

Plaintiff has failed to fulfill his conferral and discovery obligations or respond to the present Motion. Further, his failure to attend a mutually agreed upon Rule 35

examination wasted the examining doctor's time and efforts in preparing for the exam and cost Defendant $1,800 in "no-show" fees. It seems clear from his actions Plaintiff no longer intends to seek resolution of this matter on the merits.

Moreover, Plaintiff's failure to participate has not only prejudiced Defendant, but it has also interfered with the judicial process: Plaintiff's failure to respond to Defendant's Motion "evidences a lack of respect for the Court and the judicial process." *Peters v. Bank of Am.*, No. 10-cv-01382-WJM-MJW, 2011 WL 1045297, at *3 (D. Colo. Mar. 21, 2011). In addition, the issues created by Plaintiff's dilatory conduct increases the Court's workload and takes its attention away from other matters where the parties are actively engaged in the judicial process and are deserving of this Court's attention and prompt resolution. *Id*. To be sure, the necessity of addressing this very Motion is a prime example of the additional work created for the Court and Plaintiff's interference with the administration of justice.

Plaintiff has not requested any extensions of time and has provided no justification for his failure to comply with the federal and local rules, engage in discovery, or respond to motions; thus, his culpability is evident. The very nature of Defendant's Motion has put Plaintiff on notice that his case may be terminated; yet, he has remained silent.

*   *   *

For the reasons shared above, and pursuant to Fed. R. Civ. P. 41(b), the Court GRANTS Defendant's Motion to Dismiss for Lack of Prosecution and ORDERS this case be dismissed without prejudice.

IT IS FURTHER ORDERED Defendant is awarded its costs incurred in this litigation (including the $1,800 "no-show" fee) and its attorney's fee incurred in preparing and filing the Motion.

IT IS FURTHER ORDERED on or before October 17, 2024, Defendant shall provide an affidavit and supporting documentation regarding the reasonable attorney's fee incurred in pursuing the Motion.

DATED: October 3, 2024.

BY THE COURT:

S. Kato Crews
United States District Judge